UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 25 Cr. ___ (   ) |
| STEVEN HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, | |
| Defendants. | |

**25 CRIM 580**

**COUNT ONE**
**(Conspiracy to Defraud the United States)**

The Grand Jury charges:

**OVERVIEW**

1.      From at least in or about 2014 through at least in or about the date of the Indictment:

a.      STEVEN HOLTZ, the defendant, was a resident of New York and the owner and chief executive officer of The Holtz Group, Inc., and Zirin Tax Company, Inc., doing business as SL Tax Centers (together, "The Holtz Group" or "Holtz Group"). The Holtz Group was a successor entity to a tax preparation business in operation since in or about 1970. Operating at various locations throughout New York, including offices in Manhattan, Brooklyn, and Queens, The Holtz Group prepared and filed annual federal and state income tax returns for its clients in exchange for fees. HOLTZ prepared and filed tax returns and recruited, supervised, and directed other Holtz Group personnel who also prepared tax returns.

b.      ISRAEL PELLOT, the defendant, was a resident of Florida, and was employed as a tax preparer by The Holtz Group, which he joined in or about 1997. During tax

seasons, that is, from approximately January through April of each calendar year, PELLOT traveled to New York, where he resided while he prepared tax returns for Holtz Group clients.

        c.      ALTON SCOTT, the defendant, was a resident of New York, and was employed as a tax preparer by The Holtz Group, which he joined in or about 2017. SCOTT initially worked as a data entry assistant to ISRAEL PELLOT, the defendant, in which role SCOTT assisted PELLOT in inputting information and otherwise preparing tax returns for Holtz Group clients. Starting in or about 2018, SCOTT prepared and filed tax returns for Holtz Group clients independently.

        2.      From at least in or about 2014 through at least in or about 2025, STEVEN HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, the defendants, and other co-conspirators, executed a fraudulent scheme led by HOLTZ in which they falsified information on Holtz Group clients' federal income tax returns. This false information fraudulently reduced the tax liability of Holtz Group clients and improperly increased the tax refunds they claimed from the Internal Revenue Service ("IRS"). This, in turn, allowed HOLTZ to charge tax preparation fees that were, at times, tens of thousands of dollars and, in some instances, more than one hundred thousand dollars for certain clients.

## BACKGROUND ON THE INTERNAL REVENUE SERVICE

        3.      At all times relevant to this Indictment:

        a.      The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

        b.      An IRS Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was used by U.S. taxpayers to file an annual income tax return.

        c.     A Schedule A (Form 1040), Itemized Deductions ("Schedule A"), was an IRS form that was attached to a Form 1040 when applicable and must be used by taxpayers to claim permissible deductions from taxable income. A taxpayer had the option to apply a standard deduction to his or her tax returns, or to apply the figure calculated on the Schedule A as the taxpayer's itemized deductions. Deductions to be claimed on Schedule A include, among other things, gifts to charity and job-related and other miscellaneous expenses, such as unreimbursed employee expenses.

        d.     A Schedule C (Form 1040), Profit or Loss from Business (Sole Proprietorship) ("Schedule C"), was an IRS form that was attached to a Form 1040 when applicable and must be used to report the gross receipts, expenses, and profit or loss from a business operated or a profession practiced as a sole proprietor. An activity qualified as a business if the taxpayer's primary purpose for engaging in the activity was for income or profit and the taxpayer was involved in the activity with continuity and regularity.

        e.     A Schedule D (Form 1040), Capital Gains and Losses ("Schedule D"), was an IRS form that was attached to a Form 1040 when applicable and used to report the sale or exchange of certain capital assets and to calculate the overall gain or loss from the sale and exchange of capital assets reported on other IRS forms.

        f.     A Schedule E (Form 1040), Supplemental Income and Loss ("Schedule E"), was an IRS form that was attached to a Form 1040 when applicable and used to report income or loss from rental real estate, royalties, partnerships, S corporations, estates, trusts, and residual interests in real estate mortgage investment conduits.

        g.     An IRS Form 1120-S, U.S. Income Tax Return for an S Corporation ("Form 1120-S"), was used to report, among other things, the income, gains, losses, deductions,

3

and credits of a domestic corporation or other entity for any tax year covered by an election to be an S Corporation. S Corporations were corporations that elected to pass corporate income, losses, deductions, and credits through to their shareholders for federal tax purposes. Shareholders of S corporations reported the flow-through of income and losses on their personal tax returns and were assessed tax at their individual income tax rates.

h.      An IRS Form 1065, U.S. Return of Partnership Income ("Form 1065"), was an information return used by partnerships to report, among other things, their income, gains, losses, deductions, and credits. A partnership did not pay tax on its income but "passed through" any profits or losses to its partners. Partners were required to include partnership items on their tax or information returns.

i.      The Earned Income Tax Credit was a refundable credit that low-income taxpayers could claim depending on, among other things, whether their earned income was within a certain range, their investment income was not greater than a certain amount, and whether they file a joint return with their spouse.

### THE TAX FRAUD SCHEME

4.      STEVEN HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, the defendants, and others, engaged in the following conduct to carry out the tax fraud scheme:

a.      Each year, Holtz Group clients – at least some of whom have professional degrees and annual income of hundreds of thousands of dollars – started the process of preparing their tax returns by providing relevant tax and financial information to the Holtz Group. The clients then met with Holtz Group personnel, including HOLTZ, PELLOT, and SCOTT, depending on which tax preparer at the Holtz Group was responsible for preparing that client's tax returns, at one of the Holtz Group's offices (or, at times, remotely by videoconference and/or telephone). At

these meetings, and during the course of any necessary follow-up discussions, HOLTZ, PELLOT, SCOTT, or other Holtz Group personnel, prepared the clients' tax returns.

b.      HOLTZ, PELLOT, SCOTT, and others included materially false and fraudulent information on the Holtz Group clients' tax returns in order to reduce the clients' tax liabilities or increase their refunds. In some instances, the information that the defendants entered and caused to be entered on the tax returns was completely fictitious – in other words, the defendants claimed a deduction that was not, in fact, applicable to the taxpayer. In other instances, the information was falsely inflated – in other words, the defendants increased the amount of a deduction that was, in fact, applicable to the taxpayer, but in a smaller amount.

c.      HOLTZ, PELLOT, SCOTT, and others falsified a variety of items on clients' income tax returns. For example, the defendants filed inflated and fictitious deductions, including but not limited to: itemized deductions, such as charitable contributions and unreimbursed employee expenses; business expense deductions; capital losses, such as deductions for bad debt; losses and expenses from rental real estate businesses and unreimbursed partnership expenses; casualty and theft losses; losses from sales of business property; and losses from sales and other dispositions of capital assets. These false items were reported on Schedules A, C, D, and E as well as other tax forms.

d.      At times, HOLTZ, PELLOT, SCOTT, and others inflated and falsified clients' income in order to improperly qualify clients for refundable Earned Income Tax Credits.

e.      At times, HOLTZ, PELLOT, SCOTT, and others fraudulently elected "head of household" filing status for married clients and other clients who did not qualify for that filing status, and fraudulently listed non-qualifying individuals as qualifying dependents, in order to

5

improperly take advantage of the lower tax rates and higher standard deductions associated with that filing status.

      f.     As the owner of The Holtz Group and its affiliated entities, HOLTZ trained PELLOT, SCOTT, and others on how to falsify tax returns to carry out the scheme. For example, HOLTZ instructed PELLOT, SCOTT, and others to fabricate a figure for charitable contributions based on a percentage of the client's adjusted gross income instead of the client's actual charitable contributions.

      g.     At times, HOLTZ also instructed PELLOT, SCOTT, and others to urge clients to set up business entities, such as partnerships and S Corporations, through the Holtz Group, for which clients paid additional fees. HOLTZ then directed the return preparers to use these business entities to fraudulently claim additional tax deductions, such as deductions for unreimbursed partnership expenses, meals, travel, gifts, and other expenses.

      h.     At times, HOLTZ, PELLOT, SCOTT, and others based the fees charged to the clients on the amount of purported "tax savings" the firm supposedly generated for clients. HOLTZ used these purported "tax savings," which resulted from the false items HOLTZ, PELLOT, SCOTT, and others included in the returns, to justify The Holtz Group's fees, which were as high as tens of thousands or even more than one hundred thousand dollars for certain clients.

      i.     For example, after billing a fee of $175,000 for preparing a client's 2021 return, HOLTZ emailed the client explaining that the fee charged "is 25% of the tax savings. Always has been . . . I realize the bill is very high but honestly you sou [sic] should be happy to pay me that rather than paying the government what you owed them . . . [T]he fee is determined

by the tax savings, not by your earnings." In the same exchange, HOLTZ later went on to state: "You really aren't paying my fee. The IRS is."

        j.      By filing fraudulent returns on behalf of numerous Holtz Group clients, HOLTZ, PELLOT, SCOTT, and others defrauded the IRS of tax revenue and generated significant revenue for The Holtz Group. This significant revenue facilitated HOLTZ's lavish lifestyle, including use of homes in Manhattan and East Hampton.

## STATUTORY ALLEGATIONS

      5.      The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

      6.      From at least in or about 2014 and continuing until in or about 2025, in the Southern District of New York and elsewhere, STEVEN HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, the IRS.

      7.      It was a part and an object of the conspiracy that STEVEN HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, the defendants, together with others known and unknown, willfully and knowingly would and did defraud the United States and the IRS for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, HOLTZ, PELLOT, and SCOTT participated in a scheme to submit false and fraudulent income tax returns for clients of the Holtz Group, a tax preparation firm based in New York.

## Overt Acts

8.      In furtherance of the conspiracy and to effect the illegal objects thereof, STEVEN

HOLTZ, ISRAEL PELLOT, and ALTON SCOTT, the defendants, committed the following overt

acts, among others, in the Southern District of New York and elsewhere:

      a.      On or about June 27, 2019, in New York, New York, HOLTZ prepared and

caused to be prepared and filed a Form 1040 for a client ("Client-5") for tax year 2018 that HOLTZ

knew contained false information.

      b.      On or about February 21, 2020, in New York, New York, HOLTZ prepared

and caused to be prepared and filed a Form 1040 for Client-5 for tax year 2019 that HOLTZ knew

contained false information.

      c.      On or about February 19, 2021, in New York, New York, PELLOT

prepared and caused to be prepared and filed a Form 1040 for a client ("Client-20") for tax year

2020 that PELLOT knew contained false information.

      d.      On or about March 29, 2021, in New York, New York, SCOTT prepared

and caused to be prepared and filed a Form 1040 for two clients ("Client-13" and "Client-14") for

tax year 2020 that SCOTT knew contained false information.

(Title 18, United States Code, Section 371.)

### COUNTS TWO THROUGH THIRTY-ONE
### (Aiding and Assisting in the Preparation of False and Fraudulent
### U.S. Individual Income Tax Returns)

The Grand Jury further charges:

9.      The allegations contained in paragraphs 1 through 4 of this Indictment are repeated

and realleged as if fully set forth herein.

8

10.     On or about the dates set forth below, in the Southern District of New York and elsewhere, STEVEN HOLTZ, the defendant, willfully and knowingly aided and assisted in, and procured, counseled, and advised the preparation and presentation under the internal revenue laws, of U.S. Individual Income Tax Returns (Forms 1040 and accompanying forms and schedules), for the taxpayers and tax years listed below, which returns were false and fraudulent as to material matters, as set forth below:

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 2 | Client-1 & Client-2 | 2019 | 10/16/2020 | a) Schedule E, Line 28E – Nonpassive Loss – UPE<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 3 | Client-1 & Client-2 | 2020 | 10/15/2021 | a) Schedule E, Line 28E – Nonpassive Loss – UPE<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 4 | Client-1 & Client-2 | 2021 | 10/17/2022 | a) Schedule 1, Line 4 – Other Gains or (Losses) – Sale of Business Property – Equity Investment<br><br>b) Schedule E, Line 28E – Nonpassive Loss – UPE<br><br>c) Schedule A, Line 11 – Gifts by Cash or Check<br><br>d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 5 | Client-1 & Client-2 | 2022 | 11/18/2023 | a) Schedule E, Line 28D – Nonpassive Loss – UPE<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 6 | Client-3 & Client-4 | 2021 | 10/12/2022 | a) Schedule E, Line 28A – Nonpassive Loss<br><br>b) Schedule E, Line 28B – Nonpassive Loss<br><br>c) Schedule E, Line 28D – Passive Loss – UPE<br><br>d) Schedule E, Line 28E – Nonpassive Loss – UPE<br><br>e) Schedule E, Line 28F – Nonpassive Loss – UPE<br><br>f) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 7 | Client-5 | 2019 | 02/21/2020 | a) Line 6 – Capital Gain or (Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Loss<br><br>c) Schedule E, Line 28B – Nonpassive Loss – Unreimbursed Expenses<br><br>d) Schedule A, Line 11 – Gifts by Cash or Check<br><br>e) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 8 | Client-5 | 2020 | 03/15/2021 | a) Line 7 – Capital Gain or (Loss)<br><br>b) Schedule E, Line 28A - Nonpassive Loss<br><br>c) Schedule E, Line 28B - Nonpassive Loss – Unreimbursed Expenses<br><br>d) Schedule A, Line 11 - Gifts by Cash or Check<br><br>e) Schedule A, Line 12 - Gifts Other Than by Cash or Check |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 9 | Client-5 | 2021 | 04/19/2022 | a) Line 7 - Capital Gain or (Loss) <br><br> b) Schedule E, Line 28A - Nonpassive Loss <br><br> c) Schedule A, Line 11 - Gifts by Cash or Check <br><br> d) Schedule A, Line 12 - Gifts Other Than by Cash or Check |
| 10 | Client-5 | 2022 | 02/28/2023 | a) Line 7 – Capital Gain or (Loss) <br><br> b) Schedule E, Line 28A – Nonpassive Loss <br><br> c) Schedule A, Line 11 – Gifts by Cash or Check <br><br> d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 11 | Client-6 | 2021 | 02/24/22 | a) Line 7 – Capital Gain (or Loss) <br><br> b) Schedule C, Line 28 – Total Expenses <br><br> c) Schedule C, Line 30 – Expenses for Business Use of Home <br><br> d) Schedule E, Line 28A – Nonpassive Loss – Unreimbursed Expenses <br><br> e) Schedule E, Line 28B – Nonpassive Income <br><br> f) Schedule A, Line 11 – Gifts by Cash or Check <br><br> g) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 12 | Client-7 & Client-8 | 2019 | 04/26/2020 | a) Line 6 – Capital Gain (or Loss) <br><br> b) Schedule 1, Line 4 – Other Gains or (Losses) <br><br> c) Schedule A, Line 11 – Gifts by Cash or Check <br><br> d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |

11

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 13 | Client-7 & Client-8 | 2020 | 04/09/2021 | a) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 14 | Client-7 & Client-8 | 2021 | 04/15/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule A, Line 11 – Gifts Other Than by Cash or Check<br><br>d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 15 | Client-7 & Client-8 | 2022 | 04/03/2023 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Loss<br><br>c) Schedule E, Line 28B – Nonpassive Loss<br><br>d) Schedule E, Line 28C – Nonpassive Loss – UPE<br><br>e) Schedule E, Line 28D – Nonpassive Loss – UPE<br><br>f) Schedule A, Line 11 – Gifts by Cash or Check<br><br>g) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 16 | Client-9 & Client-10 | 2019 | 07/29/2020 | a) Line 6 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 12 – Gifts Other Than by Cash or Check<br><br>c) Schedule E, Line 28A – Nonpassive Loss – UPE<br><br>d) Schedule E, Line 28B – Nonpassive Loss<br><br>e) Schedule E, Line 28C – Nonpassive Loss |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 17 | Client-9 & Client-10 | 2020 | 06/30/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 12 – Gifts Other Than by Cash or Check<br><br>c) Schedule E, Line 28A – Nonpassive Loss – UPE<br><br>d) Schedule E, Line 28B – Nonpassive Loss<br><br>e) Schedule E, Line 28C – Nonpassive Loss |
| 18 | Client-9 & Client-10 | 2021 | 04/18/22 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 12 – Gifts Other Than by Cash or Check<br><br>c) Schedule E, Line 28A – Nonpassive Loss – UPE<br><br>d) Schedule E, Line 28B – Nonpassive Loss<br><br>e) Schedule E, Line 28C – Nonpassive Loss |
| 19 | Client-9 & Client-10 | 2022 | 05/10/2023 | a) Schedule E, Line 28B – Nonpassive Loss<br><br>b) Schedule E, Line 28C – Nonpassive Loss |
| 20 | Client-11 | 2019 | 04/07/2020 | a) Line 6 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule A, Line 11 – Gifts by Cash or Check<br><br>d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 21 | Client-11 | 2020 | 03/02/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 22 | Client-11 | 2021 | 03/14/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule A, Line 11 – Gifts by Cash or Check<br><br>d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 23 | Client-11 | 2022 | 04/06/2023 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Loss<br><br>c) Schedule E, Line 28B – Nonpassive Loss – UPE<br><br>d) Schedule A, Line 11 – Gifts by Cash or Check<br><br>e) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 24 | Client-12 | 2020 | 05/13/2021 | a) Schedule A, Line 11 – Gifts by Cash or Check<br><br>b) Schedule A, Line 12 – Gifts Other Than by Cash or Check<br><br>c) Schedule E, Line 28A – Nonpassive Loss<br><br>d) Schedule E, Line 28B – Nonpassive Loss<br><br>e) Schedule E, Line 28C – Nonpassive Loss – UPE<br><br>f) Schedule E, Line 28D – Nonpassive loss – UPE |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 25 | Client-12 | 2021 | 11/26/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check<br><br>d) Schedule E, Line 28A - Nonpassive Loss<br><br>e) Schedule E, Line 28B - Nonpassive Loss<br><br>f) Schedule E, Line 28C - Nonpassive Loss - UPE<br><br>g) Schedule E, Line 28D - Nonpassive Loss - UPE |
| 26 | Client-13 & Client-14 | 2019 | 02/07/2020 | a) Line 6 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 27 | Client-15 | 2019 | 02/19/2020 | a) Line 6 – Capital Gain (or Loss) |
| 28 | Client-15 | 2020 | 3/15/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Income<br><br>c) Schedule E, Line 28B – Nonpassive Loss – UPE |
| 29 | Client-15 | 2021 | 06/01/2022 | a) Schedule E, Line 28A – Nonpassive Income |
| 30 | Client-15 | 2022 | 04/07/2023 | a) Schedule E, Line 28A – Nonpassive Income |
| 31 | Client-16 & Client-17 | 2019 | 3/2/2020 | a) Line 6 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses) |

(Title 26, United States Code, Section 7206(2); Title 18, United States Code, Section 2.)

**COUNTS THIRTY-TWO THROUGH FORTY**
**(Aiding and Assisting in the Preparation of False and Fraudulent**
**U.S. Individual Income Tax Returns)**

The Grand Jury further charges:

11.    The allegations contained in paragraphs 1 through 4 of this Indictment are repeated

and realleged as if fully set forth herein.

12.    On or about the dates set forth below, in the Southern District of New York and

elsewhere, ISRAEL PELLOT, the defendant, willfully and knowingly aided and assisted in, and

procured, counseled, and advised the preparation and presentation under the internal revenue laws,

of U.S. Individual Income Tax Returns (Forms 1040 and accompanying forms and schedules), for

the taxpayers and tax years listed below, which returns were false and fraudulent as to material

matters, as set forth below:

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 32 | Client-18 | 2020 | 04/03/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule E, Line 28A – Passive Loss |
| 33 | Client-19 | 2020 | 02/19/2021 | a) Schedule E, Line 28C – Nonpassive Loss |
| 34 | Client-20 | 2020 | 02/19/2021 | a) Line 7 – Capital Gain or (Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses) |
| 35 | Client-21 | 2020 | 02/13/2021 | a) Schedule E, Line 28A – Nonpassive Loss |
| 36 | Client-21 | 2021 | 04/06/2022 | a) Schedule C, Line 1 – Gross Receipts or Sales |
| 37 | Client-21 | 2022 | 03/21/2023 | a) Schedule C, Line 1 – Gross Receipts or Sales |
| 38 | Client-22 | 2020 | 03/01/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses) |
| 39 | Client-22 | 2021 | 03/02/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses) |
| 40 | Client-22 | 2022 | 02/07/2023 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses) |

16

(Title 26, United States Code, Section 7206(2); Title 18, United States Code, Section 2.)

## COUNTS FORTY-ONE THROUGH FIFTY-THREE
### (Aiding and Assisting in the Preparation of False and Fraudulent
### U.S. Individual Income Tax Returns)

The Grand Jury further charges:

13.      The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

14.      On or about the dates set forth below, in the Southern District of New York and elsewhere, ALTON SCOTT, the defendant, willfully and knowingly aided and assisted in, and procured, counseled, and advised the preparation and presentation under the internal revenue laws, of U.S. Individual Income Tax Returns (Forms 1040 and accompanying forms and schedules), for the taxpayers and tax years listed below, which returns were false and fraudulent as to material matters, as set forth below:

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|-------|--------|----------|---------------------|-------------|
| 41 | Client-16 & Client-17 | 2020 | 06/08/2021 | a) Line 7 – Capital Gain (or Loss)<br>b) Schedule 1, Line 4 – Other Gains or (Losses) |
| 42 | Client-16 & Client-17 | 2021 | 04/01/2022 | a) Line 7 – Capital Gain (or Loss)<br>b) Schedule 1, Line 4 – Other Gains or (Losses) |
| 43 | Client-16 & Client-17 | 2022 | 04/03/23 | a) Schedule 1, Line 4 – Other Gains or (Losses) |
| 44 | Client-23 & Client-24 | 2020 | 04/12/2021 | a) Line 7 – Capital Gain (or Loss)<br>b) Schedule A, Line 11 – Gifts by Cash or Check<br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |

17

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 45 | Client-23 & Client-24 | 2021 | 05/09/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A - Nonpassive Loss<br><br>c) Schedule E, Line 28B - Nonpassive Loss<br><br>d) Schedule A, Line 11 - Gifts by Cash or Check<br><br>e) Schedule A, Line 12 - Gifts Other Than by Cash or Check |
| 46 | Client-23 & Client-24 | 2022 | 04/04/23 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Loss<br><br>c) Schedule E, Line 28B – Nonpassive Loss<br><br>d) Schedule A, Line 11 – Gifts by Cash or Check<br><br>e) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 47 | Client-12 | 2022 | 03/27/24 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule E, Line 28A – Nonpassive Loss<br><br>c) Schedule E, Line 28B – Nonpassive Loss |
| 48 | Client-25 | 2020 | 3/16/2021 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule A, Line 11 – Gifts by Cash or Check<br><br>c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 49 | Client-25 | 2021 | 03/04/2022 | a) Line 7 – Capital Gain (or Loss)<br><br>b) Schedule 1, Line 4 – Other Gains or (Losses)<br><br>c) Schedule A, Line 11 – Gifts by Cash or Check<br><br>d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |

| Count | Client | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 50 | Client-25 | 2022 | 05/22/23 | a) Line 7 – Capital Gain (or Loss) <br><br> b) Schedule 1, Line 4 – Other Gains or (Losses) <br><br> c) Schedule A, Line 11 – Gifts by Cash or Check <br><br> d) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 51 | Client-13 & Client-14 | 2020 | 3/29/2021 | a) Line 7 – Capital Gain (or Loss) <br><br> b) Schedule 1, Line 4 – Other Gains or (Losses) <br><br> c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 52 | Client-13 & Client-14 | 2022 | 03/02/23 | a) Line 7 – Capital Gain (or Loss) <br><br> b) Schedule 1, Line 4 – Other Gains or (Losses) <br><br> c) Schedule A, Line 12 – Gifts Other Than by Cash or Check |
| 53 | Client-15 | 2023 | 04/10/24 | a) Schedule E, Line 28A – Nonpassive Income |

(Title 26, United States Code, Section 7206(2); Title 18, United States Code, Section 2.)

Foreperson

_Jay Clayton_
JAY CLAYTON
United States Attorney